### Westgate Professional Center, Inc. v. Zoning Hearing Board of Hanover Township

*Clyde Teel*, for appellant.

*Richard Haber*, for zoning hearing board.

FRANCIOSA, J., December 11, 1972.—The case before us is an appeal by Westgate Professional Center, Inc., from an adverse decision of the Zoning Hearing Board of the Township of Hanover.

Appellant is the owner of approximately eight

acres of land in the township, located on the east side of Schoenersville Road. On or about March 9, 1972, appellant filed an application to construct a building on the northerly end of its tract. A hearing on the application was held by the zoning board on March 29, 1972. At the hearing, appellant displayed plans, specifications and photographs indicating that the proposed building was intended to house a "health spa." The position taken by appellant when this matter was before the zoning board was that:

". . . it was entitled to the use applied for either as a matter of right, under the interpretation of the word 'office,' or in the alternative, by grant of a variance." See opinion of the board, finding of fact no. 4, page 1.

Subsequently, on May 4, 1972, the zoning board denied the application. The conclusions reached by the zoning board were that: 1. The erection of a structure to be devoted solely to the operation of a "health spa" was not a use to which appellant was entitled as a matter of right; and 2. the grant of a variance was not justified.

In its appeal to this court, appellant does not challenge the zoning board's refusal of its alternate request for a variance. Appellant does, however, continue to argue that it was entitled to zoning and building permits as a matter of right.

Since appellant's tract of land lies in a commercial district entitled "Office Building District," the specific issue for determination is the interpretation of the term "office" as employed in the township's zoning ordinance.

The pertinent provisions of the ordinance regulating "Office Building Districts" read as follows:

"33.00 *Statement of Intent*—This district is intended solely to accommodate uses normally found

in office buildings where the separate uses do not involve the handling or sale of stock in trade. Any office in this district must be contained within a building which was constructed for the sole purpose as an office and conform or blend in the district which it abuts."

"33.01 *Use Regulations.*"

"33.02 *Uses by Right.* In any OB district, land buildings or premises shall be used by right only for one or more of the following:

"(a) An office building having offices in which a business of an individual, corporation or government bureau is carried out and these businesses shall not involve in the handling or sale of stock in trade."

Appellant contends that a structure housing a "health spa" qualifies as an "office" within the meaning of the above sections of the zoning ordinance. In light of the zoning board's rejection of appellant's interpretation, the sole question before us is whether the board committed an error of law in its construction of the ordinance: Mulac Appeal, 418 Pa. 207, 210 A. 2d 275; McClure Appeal, 415 Pa. 285, 203 A. 2d 534.

It is necessary to note that the ordinance before us does not define the word "office." In the absence of a specific definition given in an ordinance, words and phrases must be accorded their generally accepted meaning at the time used: Act of May 28, 1937, P. L. 1019, sec. 33, 46 PS §533. Also, in construing a zoning ordinance, we must add an additional rule of construction, namely, that words of restriction upon the use of property, being in derogation of common law, must receive a strict construction in favor of the property owner and, conversely, words of allowance must receive the broadest construction: Mayer v. Hemphill, 411 Pa. 1, 190 A. 2d 444; Gilden Appeal, 406 Pa. 484,

178 A. 2d 562. Being bound by these rules of construction, we recognize that the term "office" as used in the ordinance must be presumed to have been employed in its broadest sense. Nevertheless, we agree with the zoning board's determination that the activities of a "health spa" are not embraced in the broad meaning of the word "office," as that term is commonly accepted at the present time.

The zoning board received extensive information relating to the proposed use of the premises. Mr. James Latham, district manager of Health Industries European Health Spas, reported that all of the activities to be conducted in the planned structure are those of a "health spa." According to his description, the interior of the building allocated space for spa personnel, lockers, membership leisure areas and equipped exercise rooms. In addition, the described facilities included three pools. A large pool for relaxation; another to be used for therapeutic whirlpool; and the third to be available as a "cold pool."

In denying appellant's claim that it was entitled to such proposed use as a matter of right, the zoning board looked to the statement of intent set forth in section 33, supra, of its own township ordinance; that section regulates uses in an "Office Building District." In doing so, the board found that:

"This district is intended solely to accommodate uses normally found in office buildings where the separate uses do not involve the handling or sale of stock in trade. Any office in this district must be contained within the building which was constructed for the sole purpose of an office and conform or blend in the district which it abuts.

"The Board specifically finds that the proposed use does not fall within the statement of intent in that

the proposed building would accommodate uses which are not normally found in office buildings, notwithstanding the issue of sale of stock in trade . . ."

In the way of further support for its construction of the ordinance, the zoning board declared that appellant's proposed use is normally considered as "commercial recreation." The township ordinance does provide for the use of land for such purposes. "Commercial recreation" is permitted by right in a C-1 district and by special exception in a C-2 district.

As previously stated, appellant maintains that its proposed use falls within the generally accepted meaning of the term "office." Appellant invites us to adopt a line of reasoning which, on the surface, does lead to an ingenious result. We are asked to start with a definition of "office" which defines that term as a room or building where a person transacts his business or carries on his stated occupation. Then, we are urged to conclude that appellant is in the business of operating health fitness programs and the proposed building is nothing other than the place where it will carry on its stated business. Having been carried to this point, we are offered a comparison to the activities of a physical therapist and told that both types of services involve an "office" use.

Were we to accept appellant's reasoning, we would be ignoring two flaws which appear upon even a superficial analysis of its proposition. To begin with, no dictionary defines "office" beyond its classic description as the place where clerical, professional, or administrative work is performed.[1] One source

---

[1] Webster's New International Dictionary, 2d Edition, includes the following in its definition of office:

"7. the place where a particular kind of business or service

does distinguish an "office" from a "shop," "studio" or store.[2] An examination of various dictionary definitions of "shop"[3] and "store"[4] reveals that these terms are more easily applied to gathering places for functional activities than the word "office."

But, the most obvious reason we have for resisting appellant's interpretation of the word "office" is that it renders the term meaningless for purposes of zoning classification. Almost all businesses are carried on in a room or building. Thus, the distortion quickly follows the picture which appellant is attempting to project. Structures devoted entirely to the housing of bowling alleys, tennis courts, beauty salons, dance studios and innumerable similar businesses would have to be embraced in the term "office" if we uphold appellant's definition of that word.

When one begins to speculate as to the inherent vagueness in such a limitless concept, it is evident why we choose to favor the zoning board's construction of the ordinance. Therefore, we hold that the board did not commit an error of law in construing the word "office" so as to exclude, from its commonly accepted meaning, a building which would be totally committed to the activities of a "health spa."

The decision of the zoning board is hereby affirmed and we enter the following

---

for others is transacted; a house, room, or apartment in which public officers and others transact business; the building room, or department in which the clerical work of an establishment is done; a counting house; . . . as the register's office; a lawyer's office; the office of a school or hospital; freight office . . .

"10. Specif., any of the various buildings or sets of rooms in which the business of some branch of governmental administration is conducted or from which it is directed."

[2] See Funk & Wagnalls, The Practical Standard Dictionary of the English Language.

[3] For one, see Webster's Third New International Dictionary.

[4] Also, see Webster's Third, supra.

## ORDER OF COURT

And now, December 11, 1972, the within appeal from the decision of the Zoning Hearing Board of Hanover Township is denied and dismissed.